jp

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) Case No. 02-40131-01-JAR |
| | )            08-4114-JAR |
| | ) |
| DARRELL TRIPLETT, | ) |
| | ) |
| Defendant/Petitioner. | ) |
| _____ | ) |

<u>**MEMORANDUM AND ORDER**</u>

This case is before the court upon defendant's motion to vacate sentence under 28 U.S.C. § 2255 (Doc. No. 203) and the government's motion to enforce the plea agreement and dismiss defendant's motion to vacate (Doc. No. 209). For the reasons set forth in detail below, the Court grants the government's motion.

I.  <u>Legal Standards</u>

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1] Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

Petitioner appears <u>pro se</u>. Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[4] If petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or

---

[1] 28 U.S.C. § 2255(b)

[2] See <u>Hatch v. Oklahoma</u>, 58 F.3d 1447, 1471 (10th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1235 (1996).

[3] <u>Arredondo v. United States</u>, 178 F.3d 778, 782 (6th Cir. 1999), quoting <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995); see also <u>U.S. v. Fisher</u>, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments); <u>Hatch</u>, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory").

[4] <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

follow normal pleading requirements.[5]  However, it is not "the
proper function of the district court to assume the role of
advocate for the pro se litigant."[6]  For that reason, the court
shall not supply additional factual allegations to round out a
petitioner's claims or construct a legal theory on his behalf.[7]

    II.  Factual background

    On September 22, 2003, defendant entered a guilty plea to a
two-count Indictment charging him with conspiracy to possess with
the intent to distribute 5 kilograms or more of a mixture
containing cocaine in violation of 21 U.S.C. § 846 (Count 1) and
possession with intent to distribute 5 kilograms or more of a
mixture containing cocaine in violation of 21 U.S.C. § 841(a)(1)
(Count 2).[8]  The timing of the plea was unusual because it was
entered after a trial on the charges had progressed so far that
both sides had presented evidence and rested.

    The plea agreement between defendant and the government
contains a paragraph labeled in bold letters and underlined:
**Waiver of Appeal and Collateral Attack**.[9]  This paragraph reads:

--------------------

    [5]Id.

    [6]Id.

    [7]See Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74
(10th Cir. 1997).

    [8]Doc. No. 102.

    [9]Id., ¶ 11.

3

Defendant knowingly and voluntarily waives any right to
appeal or collaterally attack any matter in connection
with this prosecution, conviction and sentence. The
defendant is aware that Title 18, U.S.C. § 3742 affords
a defendant the right to appeal the conviction and
sentence imposed. By entering into this agreement, the
defendant knowingly waives any right to appeal a
sentence imposed which is within the guideline range
determined to be appropriate by the court. The
defendant also waives any right to challenge a sentence
or otherwise attempt to modify or change his sentence
or manner in which it was determined in any collateral
attack, including, but not limited to, a motion brought
under Title 28, U.S.C. § 2255 [except as limited by
United States v. Cockerham, 237 F.3d 1179, 1187 (10th
Cir. 2001)] and a motion brought under title 18 U.S.C.
§ 3582(c)(2). In other words, the defendant waives the
right to appeal the sentence imposed in this case
except to the extent, if any, the court departs upwards
from the applicable sentencing guideline range
determined by the court. However, if the United States
exercises its right to appeal the sentence imposed as
authorized by Title 18, U.S.C. § 3742(b), the defendant
is released from this waiver and may appeal the
sentence as authorized by Title 18, U.S.C. § 3742(a).

On June 24, 2004, defendant was sentenced to two terms of

life imprisonment to be served concurrently. Defendant appealed

to the Tenth Circuit Court of Appeals. The government filed a

motion to enforce the appeal rights waiver in the plea agreement.

However, after the Supreme Court's decision was filed in United

States v. Booker,[10] the government withdrew the motion to enforce

the plea agreement and asked for remand of the case for re-

sentencing in accordance with the Booker decision. Remand was

not opposed by defense counsel and on May 2, 2005 the Tenth

---

[10]543 U.S. 220 (2005).

Circuit remanded the case for re-sentencing.[11]

This court re-sentenced defendant on June 23, 2006 to two concurrent terms of 360 months.[12] This sentence constituted a downward variance from the life sentence dictated by the Sentencing Guidelines. Defendant filed an appeal to the Tenth Circuit. The government again filed a motion to enforce the waiver of appeal rights contained in the plea agreement and, this time, did not withdraw it. Defendant argued that the government forfeited its right to enforce the appeal waiver when, during the previous appeal, the government withdrew its motion to enforce the appeal waiver and sought remand. Defendant further argued that the government conceded plain error during the prior appeal which demonstrates that the plea agreement was not sound and should not be enforced. Finally, defendant asserted that the remand for re-sentencing vitiated the plea agreement and the waiver of appeal rights contained in the plea agreement.

These arguments were rejected by the Tenth Circuit. The Tenth Circuit granted the motion to enforce the plea agreement and dismissed the appeal.[13]

III.  <u>Motion to enforce plea agreement</u>

Under the frequently cited <u>Hahn</u> decision, three factors are

---

[11]Doc. No. 155.

[12]Doc. No. 174.

[13]Doc. No. 191.

examined to determine whether to enforce a waiver of appeal and
collateral attack rights: 1) whether the defendant's action falls
within the scope of the waiver of rights; 2) whether the
defendant knowingly and voluntarily waived his appellate and
collateral attack rights; and 3) whether enforcing the waiver
would result in a miscarriage of justice.[14]

### A.    Scope of the waiver

It is clear and undisputed that defendant's § 2255 motion
falls within the scope of the waiver of rights.  So, the court
will proceed to the second factor and consider whether defendant
made a knowing and voluntary waiver.

### B.    Knowing and voluntary

Defendant bears the burden of demonstrating that his waiver
was not knowing and voluntary.[15]   The Tenth Circuit has stated
that two factors should be considered in determining whether a
defendant knowingly and voluntarily waived his appellate rights:

> First, we examine whether the language of the plea
> agreement states that the defendant entered the
> agreement knowingly and voluntarily. . . . Second, we
> look for an adequate Federal Rule of Criminal Procedure
> 11 colloquy.[16]

---

[14]U.S. v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004)(en
banc).

[15]U.S. v. Sandoval, 477 F.3d 1204, 1207 (10th Cir. 2007);
U.S. v. Edgar, 348 F.3d 867, 872-73 (10th Cir. 2003)(defendant
has the burden of presenting evidence establishing that he did
not understand the waiver).

[16]Hahn, 359 F.3d at 1325.

### 1.  Language of the plea agreement

Regarding the first factor, the language of the waiver set forth above states that defendant "knowingly and voluntarily" waives his appeal and collateral attack rights.  The plea agreement's last sentence in the last paragraph before defendant's signature states that defendant is entering the agreement "freely and voluntarily."[17]  The same paragraph states that "defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion."[18] Defendant broadly claims that he was coerced to plead guilty by the court and his attorney.  But, he does not and cannot dispute that he signed a plea agreement which stated that he "knowingly and voluntarily" waived his appeal and collateral attack rights.

### 2.  Plea colloquy

Regarding the plea colloquy, defendant claims that the court told him at the change of plea hearing that he had the right to appeal any sentence imposed.[19]  This is not what the court stated.  The court stated:

THE COURT: All right.  And under some circumstances, the government has the right to appeal any sentence I

---

[17]Doc. No. 102, ¶ 16.

[18]Id.

[19]Doc. No. 204, p.5.

impose, and you have the right to appeal any sentence I impose.  Do you understand that as well?

MR. TRIPLETT: Yes, ma'am.[20]

The court accurately noted that "under some circumstances" the government, as well as defendant, had the right to appeal his sentence.  As detailed in paragraph 11 of the plea agreement, defendant could appeal his sentence under two conditions: 1) if the court made an upward departure from the applicable sentencing guidelines range; or 2) if the government appealed the sentence imposed as authorized by Title, 18, U.S.C. § 3742(b), the defendant was released from the waiver and could appeal the sentence received as authorized by Title 18, U.S.C. § 3742(b).[21]

The court acknowledges that statements made during a plea colloquy that create ambiguity as to the rights being waived may preclude enforcement of a waiver.[22]  But, the court's statement should not have confused defendant as to the scope or effect of his waiver.  It is insufficient to show that defendant did not understand the provisions of the waiver and did not knowingly and voluntarily waive his appeal and collateral attack rights.

Nor can defendant dispute that he told the court he was pleading guilty "voluntarily" and of his own free will and not

---

[20]Doc. No. 150, p. 19.

[21]Doc. No. 102, p. 23.

[22]U.S. v. Vidal, 561 F.3d 1113, 1118 (10th Cir.) cert. denied, 130 S.Ct. 221 (2009).

8

because his friends or lawyers wanted him to do so.[23] Defendant also swore to a petition which stated that his plea of guilty was given freely and voluntarily and not because of any promises made other than those noted in the petition.[24] A defendant's statements at a plea hearing are considered true and accurate in the absence of a believable valid reason justifying departure from the apparent truth of those statements.[25]

C. <u>Miscarriage of justice</u>

The third standard to consider is whether enforcing the waiver of appeal and collateral attack rights would result in a miscarriage of justice. Four factors are examined to determine whether enforcement of the waiver would result in a miscarriage of justice:

> A miscarriage of justice occurs '[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'[26]

The fourth factor comes into play in situations where the "fairness, integrity or public reputation of judicial

---

[23]Doc. No. 150, p. 4.

[24]Doc. No. 102, p. 7.

[25]<u>U.S. v. Estrada</u>, 849 F.2d 1304, 1306 (10th Cir. 1988); see also, <u>U.S. v. Edgar</u>, 348 F.3d 867, 873 (10th Cir. 2003).

[26]<u>U.S. v. Smith</u>, 500 F.3d 1206, 1212 (10th Cir. 2007)(quoting <u>Hahn</u>, 359 F.3d at 1327).

proceedings" is seriously affected.[27]

Defendant's arguments, liberally construed, only concern
ineffective assistance of counsel in connection with the
negotiation of the waiver and whether the waiver is otherwise
unlawful.

### 1.   Ineffective assistance of counsel

Defendant asserts that he pleaded guilty because his counsel
told him he would be sentenced on the basis of 7 kilograms of
cocaine and likely receive a 10 to 15-year term of imprisonment.
Defendant was actually sentenced on the basis of approximately
398 kilograms of cocaine and, to reiterate, was originally
sentenced to life imprisonment and then re-sentenced to 30 years
after his case was remanded by the Tenth Circuit following the
Booker decision.   Defendant also asserts that his counsel assured
him that he could always appeal any pretrial issue as well as the
sentence.

To prove ineffective assistance of counsel, defendant must
show that: 1) his counsel's representation fell below an
objective standard of reasonableness; and 2) that there is a
reasonable probability that, but for the deficient performance of
counsel, the outcome of the proceedings would have been

---

[27]Hahn, 359 F.3d at 1327.

different, thereby constituting prejudice to defendant.[28]

The record conclusively demonstrates that defendant cannot prove either requirement for ineffective assistance of counsel. A faulty sentence prediction by defense counsel is not constitutionally unreasonable representation. The Tenth Circuit has held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[29]

Defendant also cannot prove that the terms of the plea agreement were hidden from him or that his attorney was deficient because he was misled regarding the contents of the plea agreement. During the change of plea hearing, the court made the following inquiry:

> THE COURT: There is a written plea agreement. I know that this was presented sometime this morning. And you've spent some time with it and with your attorneys. Do you understand what the terms of this plea agreement are, Mr Triplett?
> MR. TRIPLETT: Yes, ma'am.[30]

The plea agreement that defendant signed also states that defendant has read the document and understands it "and agrees it

---

[28]<u>Strickland v. Washington</u>, 466 U.S. 668, 688-91 (1984).

[29]<u>U.S. v. Gordon</u>, 4 F.3d 1567, 1570-71 (10th Cir. 1993) <u>cert. denied</u>, 510 U.S. 1184 (1994); see also, <u>U.S. v. Williams</u>, 118 F.3d 717, 718 (10th Cir.) <u>cert. denied</u>, 522 U.S. 1033 (1997).

[30]Doc. 150, p. 3.

is true and accurate."[31]

In addition, defendant cannot establish that he suffered prejudice from his counsel's alleged deficiencies. Defendant and his counsel told the court that his plea of guilty was not based upon any sentence estimate made by defendant's counsel. This is found in the plea petition and the plea colloquy. The plea petition states that defendant knows that there is no authority for his attorney to make a promise, suggestion or prediction of a lighter sentence because of his plea of guilty, other than what is set forth in the plea agreement.[32] The certificate of counsel attached to the petition states that defense counsel made no predictions or promises concerning any sentence the court might impose.[33] During the plea colloquy, defendant stated that there were no promises or assurances made to him beyond the plea agreement.[34] The court told defendant that it would be impossible at that time for defense counsel, government counsel and the court to "say with certainty what your sentencing guideline range will be."[35] So, defendant did not rely upon the sentencing estimates of his counsel to plead guilty and could not

---

[31]Doc. 102, p. 25.

[32]Doc. No. 102, p. 5.

[33]Doc. No. 102, p. 9.

[34]Doc. No. 150, pp. 8-9.

[35]Doc. No. 150, p. 16.

have been caused prejudice by them.[36]

The court also informed defendant during the plea colloquy that his sentence might be based upon more than 7 kilograms of cocaine. The parties were aware that the events leading to defendant's arrest included the seizure of approximately 18 kilograms of cocaine during a traffic stop. In addition, defendant was aware that there was testimony during the trial of 2 more kilograms of cocaine that might be considered relevant conduct for the purposes of sentencing. During the plea colloquy, the court informed defendant of the possibility that his sentence could be based upon an even greater amount of cocaine.

> THE COURT: [discussing relevant conduct] [I]n this case
> there's been testimony from witnesses about a 2
> kilogram amount that you were involved in. . . .
> There's other information, testimony about other
> trips. I haven't heard any evidence about specific
> quantities in those trips. So as we sit here today, I
> don't know about other quantities. And I don't know
> that I will at sentencing have any other reliable and
> accurate information about other quantities. But if I
> do, I would have to include that as well. . . .
> But I just want you to know that I have to include
> all relevant conduct. Okay? Do you understand that?
> MR. TRIPLETT: Yes, I do.
> . . . .
> THE COURT: We don't know what relevant conduct is. It
> may just be those 2 kilograms. It may be more. I

---

[36] See U.S. v. Hamilton, 510 F.3d 1209, 1216-17 (10th Cir. 2007) cert. denied, 128 S.Ct. 1922 (2008); U.S. v. Silva, 430 F.3d 1096, 1100 (10th Cir. 2005) cert. denied, 547 U.S. 1164 (2006).

don't know.[37]

Thus, defendant was accurately informed by the court prior to pleading guilty that his sentence might be based upon more than 7 kilograms of cocaine. Defendant's decision to accept the plea agreement with a waiver of appeal and to plead guilty could not have been affected by any prior miscalculation by his counsel.

Finally, defendant has not demonstrated prejudice from his counsel's alleged failure to inform him of the plea agreement's waiver of appeal and collateral attack rights. Assuming, contrary to his prior statements, that defendant did not read or understand the contents of the plea agreement, there is no claim or evidence in the record that defendant would have refused to plead guilty if defendant had known of the waiver of appeal and collateral attack rights. Therefore, defendant cannot demonstrate prejudice from the alleged ineffective assistance of counsel.

In sum, any mistake by counsel in estimating defendant's sentence does not constitute constitutionally deficient representation. Defendant also cannot prove his counsel misinformed him regarding his rights to appeal and collateral attack. In addition, any mistake in predicting the sentence or informing defendant of the appeal waiver did not cause defendant prejudice. Therefore, defendant cannot establish ineffective

---

[37]Doc. No. 150, pp. 14–16.

assistance of counsel in the negotiation of the waiver of appeal and collateral attack rights.

## 2.   Otherwise unlawful

An error that seriously affects the fairness, integrity or public reputation of judicial proceedings may prevent the enforcement of a waiver of appeal and collateral attack rights. Defendant alleges that the court promised defendant that his sentence would be based upon a certain amount of drugs or that it would not exceed a certain number of years.  There is no proof to support this claim.  The claim is incredible and contradicted by the record.  A liberal reading of defendant's motion does not produce any viable claim that enforcement of the waiver would cause a miscarriage of justice.

## D.   "Non-Hahn" arguments.

The court has examined the factors set forth in the Hahn case and determined that the waiver of collateral attack rights should be enforced.  Defendant has made other arguments, however, that are not related to the Hahn analysis.

Defendant argues that the waiver provision was made void or unenforceable when the government withdrew its motion to enforce the waiver and moved the Tenth Circuit to remand the case for re-sentencing in light of the Booker decision.  In essence, defendant contends that the government permanently waived its right to enforce the waiver provisions of the plea agreement when

it withdrew the motion to enforce the waiver provisions with the Tenth Circuit.  The Court disagrees. Waiver is an intentional relinquishment of a known right which must be manifested unequivocally; not implied from silence unless the circumstances require the party to speak.[38]  There is nothing in the government's motion to withdraw and remand for re-sentencing that even hints that the government was intending to waive its rights to enforce the waiver of appeal and collateral attack rights if defendant chose to appeal or file a § 2255 motion at a later time.  The Tenth Circuit made this finding, in essence, by enforcing the appeal waiver when defendant filed a direct appeal after his re-sentencing.  Additionally, the plain language of the waiver provision applies broadly to appeals and § 2255 motions. The language is not restricted to appeals or § 2255 motions filed after an original sentencing hearing, as opposed to a re-sentencing hearing.

Defendant also contends that the government filed an appeal of the sentence, so defendant is not barred from appealing his sentence.  The Court rejects this argument, first, because it has no application to defendant's waiver of his collateral attack rights, which is the relevant part of the waiver in this matter. Second, the government did not appeal from defendant's sentence.

---

[38]Zwygart v. Board of County Commissioners, 483 F.3d 1086, 1094 (10th Cir. 2007)(citing Kansas law).

16

Instead, the government filed, in response to defendant's appeal, a confession of plain error and motion to remand for re-sentencing.[39]

Defendant further argues that the waiver provision does not apply when the court makes an upward departure from the applicable sentencing guideline range determined by the court. This is correct as to the right to appeal. However, the court did not make an upward departure from the guideline range determined by the court. Again, defendant's argument is contradicted by the record. In addition, defendant's argument does not refer to the waiver of collateral attack rights that applies to this § 2255 motion. So, the court rejects defendant's claim.

### E. Conclusion

In conclusion, for the above-stated reasons, the motion to enforce the plea agreement and dismiss defendant's motion to vacate should be granted.

### IV. Alternative holding on the merits

If the court ruled upon the merits of defendant's motion, the court would find that the record conclusively demonstrates that defendant is not entitled to relief.

### A. Trial and pretrial issues

Defendant raises various trial and pretrial issues. These

---

[39]See Doc. No. 155.

issues include the court's ruling upon a motion to suppress, whether a trial witness committed perjury, and whether evidence that defendant did not pay income taxes was admissible. These issues cannot be raised in this § 2255 motion because defendant pleaded guilty.[40]

    B.  <u>Ineffective assistance of counsel</u>

Defendant contends that his guilty plea was not knowing and voluntary because it was coerced by promises regarding his sentence and right to appeal. These arguments were addressed in the discussion of whether the waiver of collateral attack rights should be enforced. The record demonstrates that defendant's guilty plea was knowing and voluntary. It was not the result of ineffective assistance of counsel. Defendant cannot demonstrate deficient representation or prejudice from his trial counsel's actions. Therefore, he cannot prove ineffective assistance of counsel.

Defendant further contends that he received ineffective assistance of counsel from his appellate counsel. This argument must be rejected because defendant has not identified an argument that would have succeeded had it been advanced by his appellate

---

[40]See <u>U.S. v. Flynn</u>, 309 F.3d 736, 739 (10th Cir. 2002)(guilty plea waives all non-jurisdictional objections on appeal); <u>U.S. v. Dwyer</u>, 245 F.3d 1168, 1170 (10th Cir. 2001)(same); <u>Romero v. Tansy</u>, 46 F.3d 1024, 1033 (10th Cir.) <u>cert. denied</u>, 515 U.S. 1148 (1995)(after a guilty plea, the only non-jurisdictional avenue for challenging the conviction is to claim that the plea was not knowing and voluntary).

counsel.[41]

        C.  <u>Sentencing issues</u>

The remainder of the issues raised by defendant's § 2255 motion pertain to sentencing. These issues primarily relate to the court's drug quantity findings for the purposes of the Sentencing Guidelines.

Defendant contends that the drug quantity should have been determined by a jury or according to facts admitted by defendant. This is incorrect. "Because the post-<u>Booker</u> guidelines are discretionary, a district court may continue to find facts, including drug quantity, by a preponderance of the evidence."[42] "[I]t is now universally accepted that judge-found facts by themselves do not violate the Sixth Amendment."[43]

Defendant contends that the plea agreement was based upon an agreed drug amount for the purposes of sentencing. This claim is belied by the documents and transcripts in the record.

Defendant contends that the drug quantity found by the court was not based upon reliable evidence. The court acknowledges

---

[41]See <u>Coronado v. Ward</u>, 517 F.3d 1212, 1216 (10th Cir.) <u>cert. denied</u>, 129 S.Ct. 134 (2008)(ineffective assistance of appellate counsel claim required showing of deficient performance and prejudice as a result of the deficient performance).

[42]<u>U.S. v. Hall</u>, 473 F.3d 1295, 1312 (10th Cir. 2007).

[43]<u>U.S. v. Lauder</u>, 409 F.3d 1254, 1269 (10th Cir. 2005). See also, <u>U.S. v. Ivory</u>, 532 F.3d 1095, 1103 (10th Cir. 2008)(after <u>Booker</u>, a sentencing judge may continue to find facts by the preponderance of the evidence).

that, "due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations."[44]  However, defendant was accorded due process during the sentencing proceedings.

A review of the sentencing transcripts and the presentence report makes clear that the drug quantity in this case was based upon testimony that a drug courier for defendant made numerous trips.  To estimate the amount of drugs for the purposes of determining the base offense level under the Sentencing Guidelines, the presentence report took a conservative estimate of the number of those trips, divided it in half, and multiplied it by the amount of drugs found when the courier and defendant were arrested in this case.  The result was approximately 398 kilograms of cocaine.  The threshold for the highest base offense level is only 150 kilograms.  The information supporting an estimate of the amount of drugs attributable to a defendant must possess a minimum indicia of trustworthiness.[45]  It is appropriate to extrapolate on the basis of reliable information available to the court.[46]  Defendant did not raise arguments

---

[44]U.S. v. England, 555 F.3d 616, 622 (7th Cir. 2009).

[45]U.S. v. Sloan, 65 F.3d 149, 151 (10th Cir. 1995).

[46]See U.S. v. Atencio, 435 F.3d 1222, 1232 (10th Cir.) cert. denied, 547 U.S. 1157 (2006)(upholding jury determination of drug quantity based upon logical and probabilistic reasoning); U.S. v. Arras, 373 F.3d 1071, 1074-75 (10th Cir. 2004)(same).

during the sentencing hearings or in his § 2255 motion which would cause this court to doubt the reliability of the Sentencing Guideline calculations in this case.

Finally, defendant has argued that the court did not appropriately consider the disparity between the sentence he received and the sentence given to a co-defendant. This issue was thoroughly argued and considered at the time of sentencing. It provides no grounds to vacate the sentence in this case.

V.  Conclusion

In conclusion, the court shall grant the government's motion to enforce the plea agreement and dismiss defendant's motion to vacate. Even if the court did not enforce the plea agreement, the court would dismiss defendant's motion on the merits.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's Motion to Enforce the Plea Agreement and Dismiss Defendant's Motion to Vacate (Doc. 209) is GRANTED.

IT IS SO ORDERED.

Dated: February 1, 2010

                                         S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE