jp

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) Case No. 02-40131-01-JAR |
| | ) 08-4114-JAR |
| | ) |
| **DARRELL TRIPLETT,** | ) |
| | ) |
| Defendant/Petitioner. | ) |

## MEMORANDUM AND ORDER

On February 1, 2010, this court issued an order granting the government's motion to enforce the plea agreement and dismiss defendant's motion to vacate (Doc. No. 214). The court held that defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was barred by defendant's waiver of collateral attack rights in his plea agreement and that defendant's arguments for relief from his sentence lacked merit. This matter is now before the court upon defendant's motion for reconsideration or to alter or amend judgment (Doc. No. 216).

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed.R.Civ.P. 59(e) or 60." Because defendant's motion was filed within 28 days of the order at issue, the court shall construe it as a motion to alter or amend

pursuant to Rule 59(e). "Motions to alter or amend judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits."[1] "[A] Rule 59(e) motion to alter or amend judgment is essentially a motion for reconsideration."[2] "Reconsideration is proper when there has been a manifest error of law or fact, when new evidence has been discovered or when there has been a change in the relevant law."[3] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[4]

Defendant's motion asks the court to make specific findings of fact and conclusions of law regarding the following issues:

> "1. Whether the plea agreement is invalid or otherwise no longer enforceable;
> 2. Whether enforcing the plea would work a miscarriage of justice;
> 3. Whether counsel exhibited ineffective assistance under the Sixth Amendment;
> 4. Whether Petitioner was severely prejudiced and the District court erred by not supplying Petitioner with copies of Grand Jury and Trial Transcripts in order for Petitioner to perfect his petition;
> 5. Whether perjury at trial denied Due Process[;]
> 6. Whether Petitioner's Motion for Suppression should have been granted;

---

[1] Aerotech Resources, Inc. v. Dodson Aviation, Inc., 191 F.Supp.2d 1209, 1213 (D.Kan. 2002).

[2] Id. at 1214.

[3] Id. at 1214; see also, Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] Servants of Paraclete, 204 F.3d at 1012.

2

> 7. Whether hearsay information regarding Petitioner's not having payed (sic) taxes prejudiced the defendant and should not have been permitted in a drug case;
> 8. Whether drug quantity determinations were unconstitutional; and,
> 9. Whether the cumulative effect of error creates reversible error in this case."

(Doc. No. 216 at pp. 1-2).

The court's order explains that relief is denied because defendant's motion is barred by his plea agreement's waiver of collateral attack rights and because the arguments presented in the motion do not merit relief under § 2255. The order includes the following holdings.

The waiver of collateral attack rights within the plea agreement is valid and enforceable.[5] Enforcing the plea agreement would not work a miscarriage of justice.[6] Counsel did not exhibit ineffective assistance of counsel which operated to void the waiver of collateral attack rights or which merits relief under § 2255.[7] Defendant's issues regarding perjury at trial, the admissibility of evidence that defendant did not pay income taxes, and his motion to suppress are barred by the waiver of collateral attack rights and, in the alternative, waived by

---

[5]Doc. No. 214 at pp. 17 and 21 (granting the motion to enforce the plea agreement and dismissing defendant's motion to vacate).

[6]Id. at pp. 9-15.

[7]Id. at pp. 10-15 and 18-19.

3

defendant's guilty plea.[8] Defendant may not raise an issue regarding the court's drug quantity findings because of the waiver of collateral attack rights; in the alternative, the drug quantity findings are not unconstitutional.[9]

The court did not make an express ruling upon a claim of cumulative error. But, the denial of such a claim should be inferred from the fact that the court rejected each of defendant's individual claims of error.

The court's order also did not address any claim that defendant was prejudiced by the failure to supply defendant with copies of grand jury and trial transcripts.[10]

The court's failure to discuss this request does not warrant altering or amending the court's order denying defendant's motion to vacate under § 2255. To be successful, defendant's transcript request must satisfy the requirements of 28 U.S.C. § 753(f). Defendant's request does not satisfy those requirements. Under

---

[8] Id. at pp. 17-18.

[9] Id. at pp. 17 and 19-21.

[10] This issue was not listed as a claim for relief in the motion to vacate (Doc. No. 203) or the memorandum in support of the motion (Doc. No. 204, at pp. 9-10). But, the memorandum in support of the motion does make a request for trial and grand jury transcripts from the court (pp. 26-28) which was not addressed in the court's order. In previous orders, the court denied defendant's requests for transcripts from prior counsel and from the court without prejudice to defendant raising the requests again after filing a motion to vacate under § 2255. Doc. Nos. 193, 198 and 201.

4

the statute, defendant must demonstrate that his motion is not frivolous and that the transcript is needed to decide the issue presented by the suit.[11]  Defendant does not have a right to a free transcript simply to search for error in the record.[12] "Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of 753(f)."[13]

The trial and grand jury transcripts requested by defendant are not needed to decide the issues presented by his § 2255 motion.[14]  Defendant pleaded guilty pursuant to a plea agreement after the close of the evidence in his trial.  The plea agreement contained a waiver of appeal and collateral attack rights.  As discussed in the court's order denying defendant's motion to vacate, defendant's plea agreement waives his right to bring the motion to vacate and his guilty plea waives his right to bring trial and pretrial issues in a § 2255 motion.  Defendant does not raise an issue which can surmount these obstacles to reviewing an error which may have happened at trial or before the grand jury. His broad allegations are exactly the kinds of claims which have

---

[11] § 758(f); Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993).

[12] Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992).

[13] Sistrunk, 992 F.2d at 259.

[14] Defendant has had access to the transcripts of his change of plea hearing and his resentencing hearing.

5

been rejected in this court as grounds for free transcripts.[15]

In summary, defendant has not demonstrated an intervening change in the law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  Therefore, defendant's motion for reconsideration or to alter or amend judgment shall be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Reconsideration or to Alter or Amend Judgment (Doc. 216) is DENIED.

**IT IS SO ORDERED.**

Dated: March 9, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[15] U.S. v. Al-Haj, No. 03-40100-SAC, 2007 WL 1266762 (D.Kan. Apr. 30, 2007); U.S. v. Jackson, No. 99-40046-SAC, 2001 WL 1464701 (D.Kan. Oct. 30, 2001); U.S. v. Brown, No. 94-20020-JWL, 1995 WL 468431 (D.Kan. July 25, 1995).