**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   Case No. 02-40131-JAR |
| **DARRELL TRIPLETT,** | ) |
| | ) |
| **Defendant.** | ) |
| _____) | |

**ORDER**

On June 24, 2004, the Court sentenced Defendant Darrell Triplett to two terms of life imprisonment. After remand by the Tenth Circuit Court of Appeals in accordance with the Supreme Court's decision in *United States v. Booker*,[1] Defendant was resentenced on June 23, 2006, to two concurrent terms of 360 months.[2] Before the Court is Defendant's letter to the Clerk of the Court, which the Court construes as a request for correction of the calculation of his sentence (Doc. 232). Defendant asserts that he is entitled credit for time served after he pled guilty during his trial in September 2003. Defendant contends that his Progress Report indicates that his controlling sentence began in June 2004, the date of his original sentence, and that his time served should instead start from September 23, 2003, when he pled guilty and self-surrendered to the United States Marshal.

Judicial review of the calculation of Defendant's sentence is not appropriate at this time. By statute, a defendant receives

> credit toward the service of a term of imprisonment for any time he has spent in

---

[1] 543 U.S. 220 (2005).

[2] Doc. 174.

> official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.³

A district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are made by the Attorney General, through the Bureau of Prisons ("BOP").⁴ Calculation of a federal prisoner's sentence may be reviewed by a *habeas corpus* action under 28 U.S.C. § 2241.⁵ However, judicial review is only appropriate after the prisoner has exhausted all of his or her administrative remedies with the BOP.⁶ Here, there is no indication that Defendant has sought administrative relief by presenting to the Attorney General his request for recalculation of his sentence, nor has he brought a *habeas* action under § 2241. Therefore, this Court lacks jurisdiction over Defendant's request to calculate his sentence and his motion is dismissed.

Moreover, to the extent Defendant is seeking modification of his sentence, the Court concludes that it also lacks jurisdiction to provide the relief he seeks under 18 U.S.C. § 3582. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."⁷ As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain

---

³18 U.S.C. § 3585(b).

⁴*See United States v. Wilson*, 503 U.S. 329, 336–38 (1992).

⁵*Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

⁶*Id.*; *Thomason v. Guzik*, 226 F.3d 642 (5th Cir. 2000).

⁷*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[8]

As Defendant's argued basis does not fall within any of these three limited avenues under § 3582(c), relief may be obtained only by appealing from the sentence[9] or filing a petition under 28 U.S.C. § 2255.[10] Defendant is simply not entitled to the relief he seeks.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for correction of his sentence calculation (Doc. 232) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: April 6, 2017

                                                      S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE

---

[8] *United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[9] The Tenth Circuit Court of Appeals granted the Government's Motion to Enforce the Plea Agreement and dismissed Defendant's direct appeal after resentencing. Mandate, Doc. 191.

[10] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996)). Defendant's section 2255 petition was dismissed by this Court on February 1, 2010 (Doc. 214), and the Tenth Circuit denied his request for a certificate of appealability and dismissed his appeal from that decision. Doc. 224.