**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**DARRELL TRIPLETT,**

**Defendant.**

**Case No. 02-40131-JAR**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Darrell Triplett's *pro se* Motion for Compassionate Release (Doc. 234) under section 3582(c) of the First Step Act ("FSA"). Triplett, who reportedly tested positive for COVID-19, seeks release on grounds that the virus presents a serious risk to his health and the Bureau of Prisons ("BOP") has not taken adequate steps to protect inmates in its custody. The government opposes Triplett's motion and Triplett has replied.[1] For the reasons set forth in detail below, the Court denies Triplett's motion.

## I. Background

On September 22, 2003, during his trial by jury, Triplett pleaded guilty to possession and conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a) and 846.[2] Relying on the Presentence Investigation Report, this Court found that Triplett's relevant conduct included involvement with the distribution of 397.78 kilograms

[1] Triplett was granted an extension of time to file his reply until August 10, 2020 (Doc. 240); a reply was filed on September 1, 2020 (Doc. 241).

[2] Doc. 102.

of cocaine and was required to impose two concurrent sentences of life imprisonment under the then-mandatory United States Sentencing Guidelines.[3]

While his direct appeal to the Tenth Circuit Court of Appeals was pending, the Supreme Court decided *United States v. Booker*.[4] The government withdrew its motion to enforce the appellate waiver and requested that the case be remanded for resentencing due to plain error. At resentencing, this Court varied downward and imposed concurrent sentences of 360 months' imprisonment.[5] The Tenth Circuit denied direct review after concluding that his appellate waiver was enforceable.[6]

Triplett subsequently filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence. This Court granted the government's motion to enforce Triplett's collateral attack waiver and dismissed the petition.[7] The Tenth Circuit denied Triplett's application for a certificate of appealability and dismissed his appeal.[8]

Triplett is currently serving his sentence at Federal Correction Institution ("FCI") Terminal Island in San Pedro, California. He is fifty-one years old and his projected release date from the BOP is March 29, 2029. As of September 29, 2020, the BOP reports that FCI Terminal Island has 583 inmates who have tested positive for COVID-19.[9] The BOP further reports that 860 tests have been completed and two tests are pending.

[3] Doc. 136.

[4] 543 U.S. 220 (2005).

[5] Doc. 174.

[6] *United States v. Triplett*, No. 223 F. App'x 777 (10th Cir. 2007).

[7] Doc. 214.

[8] Doc. 224.

[9] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last accessed Sept. 29, 2020).

On June 15, 2020, Triplett filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In support of his motion, Triplett states that he suffers from a long history of high blood pressure and is recovering from "an excruciating and agonizing battle with COVID-19."[10] Triplett requests the Court reduce his term of imprisonment to time served. With his motion, Triplett includes a yet-unverified release plan, indicating he would reside with a friend, where she will provide a bedroom and an automobile. The government opposes Triplett's motion, contending that he has failed to establish extraordinary and compelling reasons justifying his release and that, even if he had, the sentencing factors set out in 18 U.S.C. § 3553(a) weigh against granting release.

Under Standing Order 19-1, the Federal Public Defender ("FPD") has been appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD must notify the Court within fifteen days of filing of any *pro se* compassionate release motion whether it intends to enter an appearance on behalf of the defendant or seek additional time to make such a determination. The FPD has declined to enter an appearance, and the time for doing so has expired. Accordingly, Triplett's motion proceeds *pro se*.

## II. Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do

---

[10] Doc. 234 at 3.

so.'"[11] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[12] But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[13] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[14]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[15] In addition, a court must ensure that any reduction in a

[11] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[12] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[13] 18 U.S.C. § 3582(c)(1)(A).

[14] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, No. 12-20099-KHV, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[15] 18 U.S.C. § 3582(c)(1)(A).

defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[16]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[17] A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[18]

---

[16] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[17] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[18] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

## III. Discussion

### A. Exhaustion

Triplett has filed a motion on his own behalf rather than through the BOP. Accordingly, he is subject to the exhaustion requirement described in § 3582(c). Under that section, a criminal defendant may file a motion for compassionate release only if: "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."[19] Here, the government stipulates that Triplett has satisfied the exhaustion requirement.

### B. Extraordinary and Compelling Reasons

Having determined that Triplett has properly exhausted administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing Triplett's sentence to time served. Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[20] The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances that may constitute grounds for extraordinary relief.[21]

Triplett argues that his medical conditions constitute an extraordinary, compelling reason to grant compassionate release. Triplett also identifies FCI Terminal Island's failure to provide adequate medical care to inmates infected with COVID-19, and otherwise provide a safe environment to mitigate the spread of COVID-19, as elevating his risk for further contamination.

---

[19] *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

[20] 28 U.S.C. § 994(t).

[21] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

He contends that access to personal protective equipment for inmates is "essentially non-existent."[22]

Triplett cites his history of high blood pressure as creating a heightened risk for severe complications from COVID-19. Regarding Triplett's hypertension, the CDC has not determined whether hypertension alone renders an individual particularly vulnerable to severe illness stemming from COVID-19;[23] however, in its most recent guidance, the CDC added hypertension to its list of conditions that may increase an individual's risk of severe illness from COVID-19.[24] Triplett is a fifty-one-year-old African American male. Data gathered by the CDC shows that individuals between 50 and 64 years old are hospitalized at a much higher rate than that of younger adults, and that eight out of ten COVID-19 deaths in the United States have been in adults 65 years old and older.[25] The latest statistics from the CDC also indicate that non-Hispanic black persons have a rate of infection that is approximately five times that of non-Hispanic white persons.[26]

Even though Triplett may have some risk factors relating to COVID-19, the Court finds that Triplett does not meet his burden to demonstrate extraordinary and compelling reasons warranting a reduction in his sentence. As noted, Triplett tested positive for the virus prior to

---

[22] Doc. 241 at 10.

[23] CDC, *Clinical Questions about COVID-19: Questions and Answers, Patients with Hypertension*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#Patients-with-Hypertension (last accessed Sept. 29, 2020).

[24] CDC, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#hypertension (last visited Sept. 29, 2020).

[25] CDC, *COVIDView*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html (last accessed Sept. 29, 2020).

[26] CDC, *Corona Virus Disease 2019 (COVID-19):Racial and Ethnic Minority Groups*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html (last accessed Sept. 29, 2020).

filing his motion in June 2020. Although he reports that he had an "excruciating and agonizing battle with COVID-19,"[27] he does not report any medical complications or symptoms related to COVID-19 in the weeks since his test results came back, thus mitigating his stated concerns that he would develop severe complications if infected. In addition, based on current scientific and medical information, the Court cannot determine the likelihood that Triplett could be re-infected. Individuals infected by certain other viruses have some degree of immunity against future infection, though the strength and length of immunity varies based on the virus and the individual.[28] Though the Court recognizes that information regarding COVID-19 is still rapidly developing, there appears to be evidence suggesting recovery from COVID-19 confers some level of immunity against re-infection.[29] The Court is not in a position to make definitive conclusions about immunity to COVID-19, but Triplett's lack of complications after testing positive and the possibility of developing some degree of immunity cannot be ignored in consideration of whether there are extraordinary and compelling reasons warranting a reduction

[27] Doc. 234 at 3.

[28] *See* Thomas J. Braciale & Young S. Hahn, *Immunity to Viruses*, Immunological Reviews at 5, available at https://doi.org/10.111/imr.12109 (last accessed Sept. 29, 2020); *see also* Taiki Aoshi, *et al.*, *Innate and Adaptive Immune Responses to Viral Infection and Vaccination*, Current Opinion in Virology at 226, available at https://doi.org/10.1016/j.coviro.2011.07.002 (last accessed July 9, 2020).

[29] *See, e.g.*, Robert D. Kirkcaldy, *et al.*, *COVID-19, Postinfection Immunity Limited Evidence, Many Remaining Questions*, J. AM. MED. ASS'N, at 2246, available at https://jamanetwork.com/journals/jama/fullarticle/2766097 ("[E]xisting limited data on antibody responses to SARS-CoV-2 and related coronaviruses, as well as one small animal model study, suggest that recovery from COVID-19 might confer immunity against reinfection, at least temporarily. However, the immune response to COVID-19 is not yet fully understood and definitive data on postinfection immunity are lacking.") (last accessed Sept. 29, 2020); *see also* Francis Collins, *NIH Director's Blog: Study Finds Nearly Everyone Who Recovers From COVID-19 Makes Coronavirus Antibodies*, available at https://directorsblog.nih.gov/ 2020/05/07/study-finds-nearly-everyone-who-recovers-from-covid-19-makes-coronavirus-antibodies ("Although more follow-up work is needed to determine just how protective these antibodies are and for how long, these findings suggest that the immune systems of people who survive COVID-19 have been primed to recognize SARS-CoV-2 and possibly thwart a second infection.") (last accessed Sept. 29, 2020).

of his sentence.[30] Thus, the Court finds extraordinary and compelling reasons do not exist to warrant a sentence reduction under § 3582(c)(1)(A).

**C. Section 3553(a) Factors**

Without question, it is regrettable that Triplett contracted the COVID-19 virus while designated to a BOP facility hit hard by the pandemic. The Court is not convinced, however, that the conditions he finds himself in qualify him for release after serving roughly one-half of his sentence. To the extent that Triplett's medical circumstances arguably meet the "extraordinary and compelling" standard, satisfying that burden does not resolve the issue of his entitlement to a reduction in sentence or release from confinement. The Court must still consider (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants.[31]

---

[30] Many other courts nationwide have taken a similar approach to factoring the diagnosis of and recovery from COVID-19 when evaluating motions for compassionate release. *See United States v. Billings*, No. 19-CR-00099-REB, 2020 WL 4705285, at *5 (D. Colo. Aug. 13, 2020) ("it is not yet known whether having been infected with the COVID-19 virus confers immunity from reinfection, although there is some evidence suggesting recovered individuals may have at least temporary immunity. At this point, however, the possibility of reinfection, if not impossible, is strictly hypothetical. That uncertainty militates against compassionate release."); *United States v. Johnson*, No. 12-20056, 2020 WL 2573239 (C.D. Ill. May 21, 2020) ("Because Defendant Johnson appears to have already contracted COVID-19 and recovered without incident, the risk of him suffering severe complications from the virus is significantly diminished compared to others in the BOP who have either not contracted the virus or who have contracted the virus and exhibited severe symptoms or complications."); *United States v. Garciduenas-Escamilla*, No. 3:19-4899, 2020 WL 2306606 (S.D. Cal. May 8, 2020) (holding that "because the Defendant is still recovering from COVID-19, he could pose a danger to the community if he were released," and denying the defendant's motion to revoke his detention order). *But see United States v. Sholler*, No. 17-181, 2020 WL 2512416 (N.D. Cal. May 15, 2020) (granting compassionate release because, even though Defendant tested positive for COVID-19 nearly a month prior to the court's ruling and had received appropriate medical care, he remained "especially vulnerable to severe illness from COVID-19 due to his age and numerous pre-existing conditions," including poorly-controlled Parkinson's disease).

[31] *See* 18 U.S.C. § 3553(a)(1)-(6).

Application of the § 3553(a) factors here militates against reducing Triplett's sentence to time-served. Triplett was held to a conservative amount of 398 kilograms of cocaine. He was deemed to have committed perjury during his trial and was found to be an organizer and leader of the drug trafficking organization.[32] Triplett benefited from the Supreme Court's decision in *Booker* and received a sentence reduced to 360 months down from life imprisonment.[33] Reducing his current sentence by nearly one-half would produce a sentence that no longer reflects the seriousness of Triplett's criminal conduct, nor furnishes adequate deterrence to criminal conduct or provides just punishment. When the Court modified Triplett's sentence to a term of 360-months' imprisonment, it adhered to the statutory mandate to impose a sentence "not greater than necessary."[34] The pertinent sentencing factors in § 3553(a) do not favor the reduction to time served Triplett seeks, and his motion is therefore denied.[35]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Darrell Triplett's Motion for Compassionate Release (Doc. 234) is **denied**.

**IT IS SO ORDERED.**

Dated: September 29, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

[32] Doc. 191 at 2.

[33] Doc. 174 at 2.

[34] 18 U.S.C. § 3553(a).

[35] *See United States v. Pawlowski*, 967 F.3d 327, 328 (3d Cir. 2020) (holding district court did not abuse its discretion denying motion for compassionate release based on the amount of time remaining to be served; decision not to reduce defendant's sentence from 15 years to less than two years was not unreasonable after consideration of several of the § 3553(a) factors).