IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DARRELL TRIPLETT,

    Defendant.

Case No. 5:02-CR-40131-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Darrell Triplett's *pro se* Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 243), seeking compassionate release from his remaining term of custody.[1] The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion for compassionate release.

**I.**     **Background**

On September 22, 2003, during his trial by jury, Defendant Darrell Triplett pled guilty to two charges: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine; and (2) possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a) and 846.[2] Relying on the Presentence Investigation Report, this Court found that Defendant's relevant conduct included the distribution of 397.78 kilograms of cocaine. The Court had no choice other than to impose two concurrent sentences of life imprisonment under the then-mandatory United States Sentencing Guidelines ("U.S.S.G.").[3]

---

[1] Though Defendant filed his motion *pro se*, he is currently represented by the Federal Public Defender.

[2] Doc. 102.

[3] Doc. 136.

While his direct appeal to the Tenth Circuit Court of Appeals was pending, the Supreme Court decided *United States v. Booker*.[4] The Government moved for the Tenth Circuit to remand Defendant's case for resentencing in accordance with *Booker*, which the Tenth Circuit granted. At resentencing, this Court varied downward and imposed concurrent sentences of 360 months' imprisonment on both charges.[5] When Defendant appealed the modified sentence, the Tenth Circuit concluded that his appellate waiver was enforceable and denied direct review.[6]

Defendant subsequently filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence.[7] This Court granted the Government's motion to enforce Defendant's collateral attack waiver and dismissed the petition.[8] The Tenth Circuit denied Defendant's application for a certificate of appealability and dismissed his appeal.[9]

On June 15, 2020, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[10] Defendant requested a reduction in his term of imprisonment to time-served, based on his high blood pressure and long recovery from COVID-19. This Court denied Defendant's motion, finding that he failed to establish extraordinary and compelling reasons justifying his release and that, even if he had, the sentencing factors set out in 18 U.S.C. § 3553(a) weighed against granting release.[11]

---

[4] 543 U.S. 220 (2005).

[5] Doc. 174.

[6] *United States v. Triplett*, 223 F. App'x 777, 789 (10th Cir. 2007).

[7] Doc. 203.

[8] Doc. 214.

[9] Doc. 224.

[10] Doc. 234.

[11] Doc. 242.

On January 22, 2024, Defendant filed an unopposed motion under 18 U.S.C. § 3582(c)(2), based on amendments to the Sentencing Guidelines which lowered his guideline sentencing range and made the reduction retroactive.[12] This Court granted the motion on January 24, 2024, reducing Defendant's sentence from 360 months to 324 months, the low end of the updated guidelines range.[13]

Defendant is 55-years-old, and is serving the remainder of his sentence under Bureau of Prisons ("BOP") supervision on home confinement, in Long Beach, California. Defendant was released pursuant to the CARES Act.[14] In fact, Defendant was released pursuant to the CARES Act two separate times. Defendant was first released in December 2020, but voluntarily returned to prison in April 2021 when his housing situation became unstable.[15] Defendant was released the second time in January 2023, after establishing a re-entry plan with his sister in California, and has been on home confinement for the last 14 months. Defendant has been employed since March 16, 2023 as a warehouse technician. In total, Defendant has served more than 20 years of his sentence, which is set to expire in about a year, on March 29, 2025.[16]

Defendant now seeks a sentence reduction to time-served.[17] Defendant asserts that the following grounds warrant compassionate release: his age, the extraordinary length of his

---

[12] Doc. 247.

[13] Doc. 249.

[14] Pub L. No. 116-136, 134 Stat. 281; *United States v. McDaniel*, No. 07-20168-22-JWL, 2022 WL 4365705, at *2 (D. Kan. Sept. 21, 2022) ("The CARES Act permitted the Bureau to release a carefully screened subset of inmates with low security scores, good conduct, low recidivism scores, and a demonstrated re-entry plan.").

[15] BOP noted that Defendant did not receive an incident report as a result of this situation. Doc. 243-2 at 2. Rather, Defendant's housing fell through because his daughter no longer wanted him to live with her. *Id.*

[16] Defendant identifies his release date for his original 360-month sentence as March 29, 2028, but then identifies his modified release date for his 324-month sentence as mid-2025. Doc. 248 at 1. The Court calculates Defendant's updated release date as March 29, 2025. Regardless, the Court's analysis does not change whether Defendant has 1 or 1.5 years left on his sentence.

[17] Doc. 243.

3

sentence, the time he has already served, his demonstrated rehabilitation, BOP's determination that he is not a danger to the community, and his perfect record on home confinement release. The Government opposes Defendant's motion, asserting that he has already benefited from significant sentencing reductions, and there is no cause to further reduce his sentence.

**II.     Discussion**

Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[18] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[19] The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[20] If the Court grants the motion, however, it must address all three steps.[21]

---

[18] Pub. L. No. 115-391, 132 Stat. 5194.

[19] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[20] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[21] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (citation omitted)).

A.      **Exhaustion**

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[22] Here, the Government concedes that Defendant has exhausted his claim.[23] The Court thus proceeds to the merits.

B.      **Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[24] That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[25] On November 1, 2023, a new Sentencing Commission policy statement became effective that lists new grounds that constitute extraordinary and compelling circumstances, and provides additional guidance for courts. As amended, the listed grounds are: medical circumstances, age, family circumstances, whether the defendant was a victim of abuse while in custody, other reasons, and whether the defendant served an unusually long sentence.[26] The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to

---

[22] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[23] Specifically, the Government states that it is satisfied that Defendant has attempted to exhaust his administrative remedies. Doc. 244 at 4. The Court treats this as a concession that Defendant satisfied exhaustion because the Government does not offer any argument *against* exhaustion.

[24] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[25] *Id.* at 832, 836–37.

[26] U.S.S.G. § 1B1.13(b); U.S. Sent. Comm'n, Supp. to Appx. C, Amendment 814.

5

the specified reasons."[27]  Rather, the catch-all provision allows the Court to consider any circumstances which are similar "in gravity" to the listed categories.[28]

The Court finds that the unusually long sentence ground for relief is not applicable. The unusually long sentence ground may apply where there is a non-retroactive change in the law, which "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[29]  Though the laws under which Defendant was sentenced have changed, those changes were made retroactive.  Defendant has already received a sentence reduction so that his current sentence of 324 months is the low end of the modified guidelines range.[30]  Thus, there is no disparity, let alone a gross disparity, between the sentence Defendant is currently serving and the sentence that would be imposed at the time he filed the motion.  Similarly, though the Court may consider Defendant's age under the catch-all provision, Defendant's age does not independently constitute extraordinary and compelling circumstances because the guidelines limit the age provision to persons over 65-years-old.[31]

However, when viewed altogether, Defendant's reasons for release are consistent with the November 2023 policy statement.  While rehabilitation cannot be the sole basis for a court's determination that extraordinary and compelling circumstances warrant compassionate release,[32] it is a factor the Court may consider.[33]  Here, Defendant's rehabilitation is significant.  Not only

---

[27] U.S. Sent. Comm'n, Supp. to Appx. C, Amendment 814, Reasons for Amendment, at 207.

[28] *Id.*; U.S.S.G. § 1B1.13(b)(5).

[29] U.S.S.G. § 1B1.13(b)(6).

[30] Doc. 249.

[31] U.S.S.G. § 1B1.13(b)(2).

[32] *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021); 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d).

[33] U.S.S.G. § 1B1.13(d) (noting that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.").

did Defendant complete an impressive amount of programming while inside prison,[34] he did not have a single disciplinary incident while incarcerated. These are laudable accomplishments which illustrate that Defendant's incarceration served as an effective course-correction from the path he used to follow.

Moreover, Defendant was released pursuant to the CARES Act two separate times, and has maintained a perfect record on home confinement. This shows that BOP considers Defendant low-risk, and that Defendant is capable of functioning successfully outside of prison. And while Defendant does not satisfy the "unusually long sentence" ground, the Court takes into account the fact that he has served a significant sentence of over 20 years. Defendant's age is also noteworthy because it represents a lower risk for recidivism and increased maturity. The Court finds that Defendant's rehabilitation, age, behavior on home confinement, lack of danger to the community, and significant time-served constitute extraordinary and compelling circumstances under § 1B1.13(b)(5).

C.   Section 3553(a) Factors

The Government argues that the factors set forth in § 3553(a) do not warrant a reduction in Defendant's sentence.[35] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect

---

[34] Defendant's attached exhibits show that he completed over 70 education courses while incarcerated. Doc. 243-1 at 2–32.

[35] *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[36]  The Government argues that Defendant has already received a sizeable reduction in his sentence, and there is no need to release Defendant early.  However, the Government does not offer specific argument applying any of the § 3553(a) factors.  After careful consideration, the Court finds that the § 3553(a) factors support compassionate release.

The Court must consider the § 3553(a) factors in light of post-sentencing developments.[37]  Here, Defendant's post-sentencing developments weigh in favor of early release.  Defendant was sentenced to 30 years of imprisonment based on serious offenses related to substantial quantities of cocaine, the possession of firearms, and perjury.  Defendant has now served over twenty years of that sentence, which has since been reduced to 27 years.  The Court finds that this is a sufficient length of imprisonment to reflect the seriousness of the offense and provide just punishment.  The Court is particularly impressed by Defendant's pronounced respect for the law, which he has demonstrated by: not receiving a single discipline report during his time incarcerated; voluntarily returning to prison when his first CARES Act housing situation fell through; and not receiving a single violation during his time released on home confinement.  The Court is satisfied that Defendant has been deterred from future criminal activity and poses a low risk of recidivism.

---

[36] 18 U.S.C. § 3553(a).

[37] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring) (per curiam) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence.  Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." (citation omitted)); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

The Court is also persuaded that Defendant poses no danger to the community, based on BOP's decision to release Defendant pursuant to the CARES Act and Defendant's exemplary record while released on home confinement.  "Because the Bureau selected [D]efendant for release, the Court has a much fuller picture of the facts relevant to the exercise of discretion under § 3553(a)."[38]  Defendant's steady employment records on home confinement show that he intends to be a productive member of society.  In fact, Defendant is eligible to begin training as a manager or supervisor at other facilities within his company, but has been unable to pursue this opportunity because of his home confinement restrictions.

The Court also finds that a reduction to time-served will not produce an unwarranted sentencing disparity.  Given the relatively short time remaining on Defendant's sentence, Defendant will not serve a significantly lower sentence than other defendants with the same guidelines range.

In sum, the Court has considered all of the § 3553(a) factors in light of post-sentencing developments and finds that they weigh in favor of compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Darrell Triplett's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 243) is **granted**.

**IT IS SO ORDERED.**

Dated: March 11, 2024

                S/ Julie A. Robinson
                JULIE A. ROBINSON
                UNITED STATES DISTRICT JUDGE

---

[38] *United States v. McDaniel*, No. 07-20168-22-JWL, 2022 WL 4365705, at *2 (D. Kan. Sept. 21, 2022).